UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BILLY J. GREER )
)
v. ) NO. 2:05-CV-237
)
JOHNSON COUNTY SHERIFF'S )
DEPT., JOHNSON COUNTY JAIL, )
KATHY TERRELL, ROGER GENTRY, )
BARBARA HATHAWAY, and )
AMANDA COLEMAN )

## **MEMORANDUM and ORDER**

This is a *pro se* prisoner's civil rights complaint brought under 42 U.S.C. § 1983, seeking injunctive relief from alleged unconstitutional conditions in the Johnson County jail in Mountain City, Tennessee. The plaintiff, who sought pauper status, has responded to a prior order in which he was notified of certain deficiencies in his application to proceed without prepayment of filing fees. (Docs. 4, 5 and 8). He maintains, in his responses, that his attempts to obtain the necessary documentation to support his pauper application have been fruitless because defendant Jail Administrator Kathy Terrell has refused his requests for a certified six-month statement showing the transactions in his inmate trust account. In view of the plaintiff's allegations regarding his futile efforts to correct the deficiencies noted in

the prior order, the Court will allow this case to proceed without the six-month account statement. The plaintiff, however, is not relieved of the ultimate responsibility of paying the filing fee and he is hereby **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915(b)(1).

The custodian of inmate trust accounts at the Johnson County jail is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's inmate trust account; or

(2) the average monthly balance in his inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to his account, but only when such monthly income exceeds ten dollars ($10), until the plaintiff has paid the $250 filing fee in full.[1] 28 U.S.C.A. § 1915(b)(2). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

To ensure compliance with the fee-assessment procedures outlined above, the

---

[1] Send all remittances to:
    Clerk's Office, USDC
    220 West Depot Street, Suite 200
    Greeneville, TN 37743.

Clerk is **DIRECTED** to send copies of this Order to the Sheriff of Johnson County and to the custodian of inmate trust accounts at the facility wherein the plaintiff is housed.

In his complaint, the plaintiff lists the following claims (Doc. 3):

1. Inmates were informed that state authorities would inspect the jail but this has not occurred in the five months the plaintiff has been incarcerated in Johnson County;

2. Sheriff Roger Gentry refuses to discuss problems at the jail with the prisoners, including the plaintiff;

3. Medical care needs to be improved. For example, the nurse practitioner only comes once a week; inmates, including the plaintiff, are experiencing delays in getting medications refilled and cannot get band aids; and indigent inmates cannot get pain medications, such as Tylenol or Aspirin, which are available at the commissary at inflated prices;

4. Inmates have no way of knowing whether the food they are supplied each day contains the required 2,000 calories because they have been told only that the menu is pre-approved, not how many calories it contains;

5. Visitation has been mishandled and needs to be improved;

6. Misdemeanants, such as the plaintiff, are housed with felony prisoners;

7. County inmates do not receive good time for participation in programs such as Alcoholics Anonymous, or for performing inside jobs, whereas state inmates receive good time for such participation. The plaintiff, who is a county prisoner, alleges that this practice shows that he is being discriminated against because he was not charged with a felony;

3

8. Indigent inmates are not furnished hygiene products unless they can pay for them, and all inmates have to wear thermal underwear because the cells are ice cold;

9. The plaintiff's own health insurance was billed for the cost of his medication, even though Johnson County bears responsibility for him and should pay his medication costs. Moreover, refills take 4-5 days to obtain and the plaintiff has gone without medication for six days;

10. Loose ceiling tiles hang from some of the pods; the showers lack doors or curtains; and water seeps from the showers and stands in front of the commodes. This is dangerous. Also, because there are no shower curtains, inmates who are showering can be viewed by inmates in the cell and male and female officers in the control room;

11. Inmates have been served spoiled milk several times and, when this happens or when there is no milk, they have to wait until the milk truck runs; and

12. Electrical outlet covers are barely hanging, and there is no law library, though some inmates need to use one.

First of all, to the extent that the plaintiff is advancing claims on behalf of other prisoners in the Johnson County jail, he has no standing to assert the rights of others. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). This is so because "[a] prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Corn v. Sparkman,* 82 F.3d 417 (Table, text at 1996 WL 185753, *1 (6th Cir. April 17, 1996). Therefore, all allegations with respect to other prisoners housed in the Johnson County jail are **DISMISSED** on this basis.

As to the remaining claims, a prisoner may not bring a § 1983 civil rights action

4

in federal court until such time as he shall have exhausted his available administrative remedies. 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260, *1 (6th Cir. May 11, 2000) (citing *Brown*)), and naming each person latter named as a defendant in the federal lawsuit. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner bears the burden of showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts in paragraph II of his complaint that the jail has a prisoner grievance procedure; that he filed grievances a "couple of times;" that he did not receive responses; and that, therefore, he did not "bother" to file other grievances because he considered the grievance system to be a "waste of time." The plaintiff has

5

not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. *See Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions, there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the facts underlying his each of his § 1983 claims to the jail authorities. *Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Finally, a prisoner's subjective belief that it would be futile to present the facts underlying his federal claims through a grievance procedure is insufficient to satisfy § 1997e's exhaustion requirement. *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's allegation that, if he had filed a grievance, prison officials would not have responded does not excuse his failure to exhaust).

The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has

6

exhausted his administrative remedies as to all claims raised in his complaint. Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE